925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Percy Lee HENRY.
 No. 89-3212.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 30, 1991.
 
 Before BUCKLEY, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was submitted on the record from the United States District Court for the District of Columbia and on the briefs of counsel. See D.C.Cir.Rule 13(i). The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 It is FURTHER ORDERED that the clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 We must affirm a criminal conviction challenged on the ground of insufficient evidence if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Long, 905 F.2d 1572, 1576 (D.C.Cir.1990), quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). We consider the evidence in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). In order to make its case for attempted possession of cocaine with intent to distribute, the government must prove (1) the intent to engage in the criminal activity, that is, to possess and distribute cocaine, and (2) the commission of an overt act that constitutes a substantial step towards commission of the proscribed criminal activity. See United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989). Here the evidence amply meets this test.
 
 
 5
 A package that was later established to contain cocaine was mysteriously delivered to a Mr. Brown, who alerted the government. Mr. Brown then received a telephone call directing him to leave the "stuff" in the trunk of a green taxicab parked near his business and to leave the keys to the trunk under the floormat on the front passenger side of the vehicle. The phone call originated from a phone number listed under appellant's name. Later that day appellant walked up to the green taxicab, opened the front passenger door, bent down to retrieve the key that detectives had placed under the floormat, walked to the rear of the taxicab, and opened the trunk of the car with the key. The police then approached appellant, at which point he slammed the trunk closed and ran.
 
 
 6
 The requisite intent to possess illegal drugs may be derived from "the defendant's objective conduct, taken as a whole." See United States v. Pennell, 737 F.2d 521, 525 (6th Cir.1984). A rational jury could easily have concluded beyond a reasonable doubt that appellant's actions evince an intent to possess the cocaine, and the overt act requirement is easily met by his retrieval of the hidden key and opening of the trunk of the green taxicab. Finally, it is by now well established that specific "intent to distribute" may be inferred from possession of a "quantity of drugs larger than that needed for personal use." United States v. Castellanos, 731 F.2d 979, 985 (D.C.Cir.1984). The quantity of drugs at issue in this case was more than 2.2 pounds of cocaine. The government's expert testified that this amount of cocaine would be valued at a minimum of $105,000, and was clearly more than an amount associated with personal use. Appellant's conviction for attempted possession of cocaine with intent to distribute is therefore
 
 
 7
 Affirmed.